# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50752
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTONIO MURO, JR.,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-359-2

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In *United States v. Muro*, our court upheld appellant's sentence of 66-months' imprisonment.  765 F. App'x 57, 58 (5th Cir. 2019) (per curiam), *vacated*, No. 18-9164, 2020 WL 981780 (U.S. 2 Mar. 2020).  As relevant here, we held, pursuant to *United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-50752

2007), that review was only for plain error because, at his sentencing hearing, appellant "did not object to his imposed sentence". *Muro*, 765 F. App'x at 57. (In his opening brief on appeal, Muro recognized our binding precedent, but urged review should not be for plain error, raising this standard-of-review issue to preserve it for possible further review.)

On 26 February 2020, however, the Supreme Court, in *Holguin-Hernandez v. United States*, held "defendant's district-court argument for a specific sentence . . . preserved his claim on appeal that [his] . . . sentence was unreasonably long". 140 S. Ct. 762, 764 (2020). Moreover, the Court noted "that reasonableness is the label we have given to the familiar abuse-of-discretion standard that applies to *appellate* review of the trial court's sentencing decision" and reiterated that

> [a] defendant who, by advocating for a particular sentence, communicates to the trial judge his view that a longer sentence is greater than necessary has thereby informed the court of the legal error at issue in an appellate challenge to the substantive reasonableness of the sentence. He need not also refer to the standard of review.

*Id.* at 766–67 (emphasis in original) (internal quotation marks and citations omitted).

As a result, the Court, for the case at hand, granted *certiorari*, vacated our judgment, and remanded to our court "for further consideration in light of *Holguin-Hernandez*", with the Court's judgment's being entered on 2 March 2020. *Muro v. United States*, No. 18-9164, 2020 WL 981780, at *1 (U.S. 2 Mar. 2020). Accordingly, this opinion is substituted for our prior opinion in this appeal.

Antonio Muro, Jr., challenges the 66-month within-Sentencing Guidelines sentence imposed after he pleaded guilty to aiding and abetting possession, with intent to distribute, 100 kilograms or more, but less than 1000

kilograms, of marihuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He asserts: his sentence is substantively unreasonable; and, in that regard, the district court should instead have imposed the statutory minimum sentence of 60 months, which was also within the advisory Guidelines sentencing range. Along that line, Muro contends the court should have considered the lower likelihood of recidivism in the light of his age, his difficult childhood, his steady work history, and the needs of his family. Although Muro acknowledges his offense was serious, he claims the crime's not involving violence or a weapon meant there was no need for an additional six months to protect the public. According to Muro, the time above the statutory minimum was imposed solely for the purpose of punishment.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

At his sentencing hearing, Muro did not formally object to the substantive reasonableness of his sentence after it was imposed. Prior to sentence being imposed, but after the court announced Muro's advisory Guidelines sentencing range was 60–71-months' imprisonment, however, Muro stated during his allocution: "You know, I just wish to get the lowest time possible so I can go home and go back to work". We assume, for purposes

of this appeal, that Muro's statement satisfied the Court's requirements in *Holguin-Hernandez* for preserving his substantive-reasonableness challenge.

Even so, Muro's within-Guidelines sentence is entitled to a presumption of reasonableness. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017) (per curiam) (citation omitted). "[T]his presumption is rebutted only if the appellant demonstrates that the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors" listed in 18 U.S.C. § 3553(a). *Id.* (citation omitted). Along that line, our court's "review is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant". *Id.* (internal quotation marks and citation omitted).

Muro's speculative belief the court relied solely on punishment to reach his 66-month sentence, combined with his general assertion that his favorable personal factors outweighed the seriousness of the offense, reflect his disagreement with the court's weighing of the 18 U.S.C. § 3553(a) factors and "amount[] to a request that we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do". *See id.* at 167 (citation omitted). In short, Muro has not rebutted the presumption of reasonableness afforded his within-Guidelines sentence. *See id.*

AFFIRMED.